UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STONEX GROUP INC. and STONEX
FINANCIAL INC.,

            Plaintiffs,

- against -

HOWARD SHIPMAN.

            Defendant.

Case No. _____

---

## DECLARATION OF ANNE L. JOHNSON IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

I, Anne L. Johnson, hereby declare as follows,

1. I am the Global HR Business Partner for Plaintiffs StoneX Group Inc. and StoneX Financial Inc. (collectively "StoneX" or the "Company"). I have personal knowledge of the facts set forth herein and, if called to do so, could competently testify thereto.

2. I have worked at StoneX since 2017 and have served in my current role since October 2022. I report to Linda Curran, Global Head of Human Resources.

3. Howard Shipman joined StoneX on February 8, 2021 as a Managing Director. He worked remotely from his home in Connecticut during the entirety of his employment.

4. Shipman is a registered person with FINRA.

5. Shipman signed an Employment Agreement with StoneX on February 26, 2021. A true and correct copy of Shipman's Employment Agreement is attached hereto as Exhibit 1.

6. Shipman's Employment Agreement included the following contractual agreements/obligations:

- "Employee shall at all times perform Employee's duties faithfully and diligently and in compliance with all applicable laws, regulations, Employer written policies, and manuals provided to Employee, and any direction from Employer or from Employer's governing Board. Such compliance with laws and regulations shall include, but not be limited to, compliance with the Commodity Exchange Act, the rules and regulations of the Commodity Futures Trading Commission, the rules and regulations of all exchanges and clearing corporations on which Employer transacts business. Employee also shall comply with all Employer and the Company's policies respecting ethics, trading in StoneX Group Inc. stock, and all applicable rules and regulations of the Securities and Exchange Commission. Employee shall become familiar with and shall abide by the terms of Employer's Policies, Procedures, and or Compliance Manual (collectively "Manual"). Any disclosure or dissemination of the manual to outside persons is strictly prohibited. The provisions of the Manual are intended to advance Employer's compliance with applicable laws, regulation and other requirements and also to reduce and control financial and other risks. No separation of these functions is expressed in the Manual. Nothing contained in the Manual is intended as a statement of obligations to customers or other third parties, and no customer or other third party shall be entitled to rely upon its provisions. Shipman Employment Agreement at ¶ 4;

- "In the event Employee's employment with the Company terminates for any reason, Employee agrees to deliver immediately to the Company all copies of materials of any nature containing any Confidential Information or otherwise regarding the Company or any customer of the Company, and Employee agrees not to take with him/her any such materials or reproductions thereof. *Id.* at ¶ 7.3(ii);

- "Employee acknowledges that the services to be rendered by Employee are unique and personal. Accordingly, Employee may not assign any of Employee's rights or delegate any of Employee's duties or obligations under this Agreement. The rights and obligations of Employer under this Agreement shall inure to the benefit of and shall be binding upon the successors and assigns of Employer. *Id.* at ¶ 13; and

- "This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without reference to principles of conflict of laws. The parties each hereby irrevocably consent to the jurisdiction of the state and federal courts located in the Borough of Manhattan, New York City, New York for all purposes in connection with any action or proceeding which arises out of or relates to this Agreement and agree that any such action or proceeding shall be brought only in such courts." *Id.* at ¶ 14.

7. On February 8, 2021, his first day of employment with StoneX, Shipman acknowledged and agreed to comply with the StoneX U.S. Employee Handbook dated January

2020. *See* Relevant excerpts and acknowledgment page of StoneX U.S. Employee Handbook, attached hereto at Exhibit 2.

8. The StoneX U.S. Employee Handbook includes a "Confidential Company Information" provision, which states:

> The Company's confidential and proprietary information is vital to its current operations and future success. Each employee should use all reasonable care to protect or otherwise prevent the unauthorized disclosure of such information.
>
> In no event should employees disclose or reveal confidential information within or outside the Company without proper authorization or purpose. Inappropriate disclosure of confidential information may result in disciplinary action up to and including termination. "Confidential Information" refers to a piece of information, or a compilation of information, in any form (on paper, in an electronic file, or otherwise), related to the Company's business that the Company has not made public or authorized to be made public, and that is not generally known to the public through proper means.
>
> By way of example, confidential or proprietary information includes, but is not limited to, nonpublic information regarding the Company's business methods and plans, databases, systems, technology, intellectual property, know-how, marketing plans, business development, products, services, research, development, inventions, financial statements, financial projections, financing methods, pricing strategies, customer sources, employee health/medical records, system designs, customer lists and methods of competing.
>
> . . .
>
> The Company's customers and suppliers entrust the Company with important information relating to their businesses. The nature of this relationship requires maintenance of confidentiality. In safeguarding the information received, the Company earns the respect and further trust of its customers and suppliers.

*Id.* at pp. 28-29.

9. StoneX terminated Shipman's employment on December 9, 2022.

10. StoneX management directed IT to begin terminating Shipman's authorized StoneX's account at approximately 3:09pm CST on December 9, 2022.

11. StoneX's Front Office Management Team and I contacted Shipman twenty minutes later to advise that he was being terminated effective immediately via a telephone call at approximately 3:30pm CST on December 9, 2022. The call lasted approximately 10 minutes.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct to the best of my knowledge.

Dated: Dallas, TX
      January 12, 2023

*Anne L. Johnson*
Anne L. Johnson