Carlson and Ryan LLP<br>
43 W. 43rd St., suite 243<br>
New York, NY 10036<br>
carlsonryanlaw.com

February 24, 2023

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, courtroom 14A
New York, NY 10007-1312

      Re:    *StoneX v. Shipman*, Case No. 23 cv 613 (JGK)

Dear Judge Koeltl:

      We are newly-retained attorneys for Defendant Howard Shipman in the above-referenced matter. We respectfully submit this letter motion in support of Mr. Shipman's request for a 30-day stay of the litigation. Opposing counsel does not consent to this request.[1] For the reasons set forth below, the grounds for a stay are shown to exist and the request should therefore be granted.

      This request is not submitted lightly. During yesterday's meet and confer, Plaintiffs' counsel discussed their multiple back-and-forth communications with Mr. Shipman's prior counsel and with Mr. Shipman himself regarding Plaintiffs' proffered Stipulation signed by Mr. Shipman and So Ordered by the Court on January 26, 2023 (the "January 26 Stipulation"). In an effort to get up to speed on this matter and discern what transpired to date, we have been in touch with Mr. Shipman's former counsel to request the file and to schedule a time to discuss the case. She is reluctant to do so until her legal fees are paid in full.

      As Mr. Shipman's newly-appointed counsel, we are caught between the January 26 Stipulation, subsequent Orders and deadlines. These mandate, most alarmingly, Plaintiffs' "permanent removal, deletion and destruction" of what may be the sole evidence supporting (a) Mr. Shipman's federal and state law defenses and (b) Mr. Shipman's counterclaims, third-party claims and/or federal and/or state administrative actions.

      Plaintiffs' counsel insists we make material decisions and concessions with irreparable consequences for Mr. Shipman without sufficient time to study the file still in

---

[1] In an effort to meet and confer, we notified opposing counsel of Mr. Shipman's intent to request a stay. To be fair, during yesterday's meet and confer with Plaintiffs' counsel, we requested 45 days. That was rejected. For the reasons discussed herein, we submit a minimum stay of 30 days is necessary and warranted.

the hands of former counsel, grasp the full scope of the matter and determine the best way forward. Under the circumstances, a 30-day stay of the litigation can result in no real undue prejudice or clear tactical disadvantage to Plaintiffs, yet is critical to our ability to effectively represent our client and advocate for his rights under all applicable laws.

The January 26 Stipulation further calls for Mr. Shipman "to refrain from using, copying, reviewing or disclosing" the subject information for any purpose. It potentially kneecaps Mr. Shipman's ability to protect and exercise his rights under applicable laws and to ultimately prove his case, i.e., that the subject computer code was stolen and never proprietary to StoneX.

The execution of Plaintiffs' directives set forth in the January 26 Stipulation will, in turn, be governed by a forensic protocol that we understand caused considerable acrimony between the parties prior to our appointment. Plaintiffs have every reason to insist that it be finalized "as is" and post-haste. As stated, not only would it result in Charles River Associates accessing Mr. Shipman's devices in his home, it would result in the loss of evidence at the core of Mr. Shipman's case. And though we are not forensic experts, our harried research into the proposed protocol reveals significant shortcomings, including a lack of referenced industry standards, certifications and procedures that comport with best practices for forensic examinations.

We fully intend to timely proceed with Mr. Shipman's case. However, we cannot effectively do so under these circumstances, when faced with the imminent threat of Plaintiffs' "permanent removal, deletion and destruction" of what may be *the* evidence central to Mr. Shipman's rights and defenses, and when presented with Plaintiffs' proposed protocol which, on its face, appears to lack basic protections contrary to industry standard.

For the foregoing reasons, we respectfully submit that Mr. Shipman's request for a 30-day stay of the litigation should be granted. *See e.g.*, *Allen v. Krucial Staffing LLC*, No. 20-cv-2859, 2022 WL 2106447 (S.D.N.Y. June 9, 2022) (Koeltl, J.) (granting two consecutive 30-day stays upon death of one of plaintiffs' attorneys and upon subsequent termination of plaintiffs' second attorney).

We thank the Court for its courtesy and consideration.

> Respectfully submitted,
> Carlson and Ryan LLP
>
> /s/ Susan Lee
> /s/ Edward Carlson

cc: **VIA ECF**
Counsel for Plaintiffs