

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

February 27, 2023

Lloyd B. Chinn
Member of the Firm
d 212.969.3341
f 212.969.2900
lchinn@proskauer.com
www.proskauer.com

<u>By ECF</u>

Hon. John G. Koeltl
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
KoeltlNYSDChambers@nysd.uscourts.gov

Re:   **StoneX Group Inc., et. al. v. Howard Shipman (23-CV-613(JGK))**
      <u>**Letter in Opposition to Stay**</u>

Dear Hon. Judge Koeltl:

Plaintiffs StoneX Group, Inc. and StoneX Financial, Inc. ("StoneX") write in opposition to Defendant's new counsel's request for a thirty-day (30) stay of this case and will submit a separate request for an order requiring Defendant to proceed with the forensic inspection first ordered by the Court on January 26, 2023 and to provide the Linode information that was the subject of a lengthy discussion with the Court on February 1 and 13, 2023. Defendant's application is the most recent example of Defendant's case-long campaign to stonewall discovery. (*See e.g.,* Dkts. 20, 24). Plaintiffs are prepared to be reasonable with respect the production of documents or the scheduling of depositions to accommodate new counsel, but there is no reason to delay further the forensic examination (and related production of Linode information) that should have taken place almost a month ago. And there is no reason to permit a lengthy thirty-day stay.

Today, roughly one month into this case, Defendant's stonewalling (both through his prior counsel and individually during the period he was *pro se*) has already ground this proceeding to a halt. To date: (1) Charles River Associates' ("CRA") is still being prevented by Defendant from conducting a forensic review, (2) Defendant still refuses to engage with Plaintiffs' proposed forensic protocol (which was first sent on February 2), and (3) Defendant still refuses to provide his Linode credentials so that Plaintiffs can pay to reactivate the account.

The following timeline provides context:

- January 26: Court Orders Defendant's "Stipulation". (Dkt. 16).

- January 31: Plaintiffs file letter motion regarding scheduling and Defendant's efforts to disqualify CRA. (Dkt. 20).

- February 1: Court Orders a hearing schedule, expedited discovery, and that CRA should conduct a forensic review. (Dkt. 23).

**Proskauer**

- February 2: Plaintiffs send draft forensic protocol to Defendant's prior counsel.

- February 7: Plaintiffs file a letter motion regarding Defendant's efforts to narrow the scope of CRA's review. (Dkt. 24).

- February 10: Court's Order regarding the scope of CRA's review and directing Defendant to reactivate Linode account. (Dkt. 25).

- February 11: Defendant sends back first edits to forensic protocol.

- February 13: Court's Order clarifying the scope of CRA's review and directing Plaintiffs to pay the cost to reactivate Linode account. (Dkt. 26).

- February 13: Defendant's counsel withdraws from the case. Defendant's counsel sends new edits to forensic protocol. (Dkt. 28).

- February 14, 16: Plaintiffs email Defendant *pro se* for his Linode credentials so they can pay to reactivate account. Credentials (to date) are never provided.

- February 17: Plaintiffs email Defendant *pro se* to finalize forensic protocol and ask again for Linode credentials. Defendant *pro se* never responds.

- February 21: New counsel for Defendant appears. (Dkt. 22).

- February 23: Counsel meet and confer regarding outstanding issues. Defendant's counsel states they will seek a 45 day stay of the case.

- February 24: Defendant files application to stay the case for 30 days. (Dkt. 41).

Plainly, through delayed responses and unreasonable arguments, Defendant has actively sought to stall Plaintiffs ability to collect and examine the relevant forensic evidence the Court Ordered based on Defendant's own proposed Stipulation back on January 26. (Dkt.16).

Further, with respect to Plaintiffs' proposed forensic protocol – which should not be subject to any stay – despite Defendant's claim of "material decisions and concessions," everything Plaintiffs seek (1) has already been Ordered by the Court, and (2) frankly, is fairly benign. For example, Defendant posits red herrings based on admittedly "harried research" about the lack of "industry standards" in the protocol, but this ignores the fact that CRA is a well-regarded forensic examination firm, and Cuyler Robinson from CRA has substantial industry credentials. (*See* Dkt. 36-1, Cuyler Robinson's CV). Thus, there is no reason why the parties could not have finalized the protocol last week or early this week between counsel, yet instead Defendant refuses to engage.

Looking to the specific basis for Defendant's application, it appears to be nothing more than a veiled attempt to relitigate the Court's prior Orders. Counsel may be new, but Defendant is not – Mr. Shipman signed declarations, made representations to the Court via his chosen counsel, and is subject to Court Orders, which his new counsel may not avoid simply because they were not present.

Such a lengthy stay is inappropriate given the relative dearth of activity that has occurred to date (due to Defendant's stonewalling), and the Court's Order of expedited discovery. Indeed, the first Order in the case was issued on January 26 – only 32 days ago – yet counsel asks the Court

**Proskauer»**

for a 30 day stay. This grossly disproportional duration of the requested stay belies the true intention of the application and merits the denial of Defendant's motion.

Finally, it bears noting that Defendant's citation of the Court's decision in *Allen v. Krucial Staffing, LLC*, is not on point. First, in that matter, the case had been active for more than two years. *Allen v. Krucial Staffing, LLC*, No. 20-cv-2859 (JGK), 2022 U.S. Dist. LEXIS 103807, at *1 (S.D.N.Y. June 9, 2022). Second, there is no indication that discovery in the *Allen* matter was expedited. Finally, the Court in *Allen* granted Plaintiffs "30 days to . . . obtain new counsel or to indicate whether they are representing themselves," not for new counsel to familiarize themselves with the record of equal length to the requested stay. *Id.*, at *4.

Simply put, Defendant has consistently delayed responding to Plaintiffs' efforts to move discovery forward and manufactured roadblocks to deny Plaintiffs what was promised on Day 1 with the Court's January 26 Order. Even the requested stay now is unreasonable and plainly demonstrates a disregard for the Court's Order of expedited discovery. Accordingly, Defendant's application to further delay this case further should be denied.

Respectfully submitted,

*/s/ Lloyd B. Chinn*
Lloyd B. Chinn
Daryl G. Leon
*Plaintiffs StoneX Group, Inc.*
*and StoneX Financial, Inc.*