**Proskauer»**  Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

March 21, 2023

*By ECF*

Hon. John G. Koeltl
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
KoeltlNYSDChambers@nysd.uscourts.gov

Lloyd B. Chinn
Member of the Firm
d 212.969.3341
f 212.969.2900
lchinn@proskauer.com
www.proskauer.com

Re:   **StoneX Group Inc., et. al. v. Howard Shipman (23-CV-613(JGK))**
      **Letter re Counterclaims**

Dear Hon. Judge Koeltl:

Plaintiffs StoneX Group, Inc. and StoneX Financial, Inc. ("StoneX") write in response to the Court's March 17, 2023 Order (Dkt. 60) regarding the arbitrability of the Defendant's counterclaims.

On January 24, 2023, Plaintiffs commenced this proceeding seeking a temporary restraining order and preliminary injunction against the Defendant. (Dkt. 30). On March 14, 2023, the Defendant filed an answer and five counterclaims. (Dkt. 56). The Defendant's counterclaims must be arbitrated in FINRA, because, among other reasons, FINRA Rule 13200 requires that any dispute "aris[ing] out of business activities of a member or an associated person" be arbitrated within FINRA. Further, Defendant executed a Form U4 – containing a mandatory arbitration clause – on May 18, 2021 during his employment with Plaintiffs.

Moreover, at the January 26, 2023 Conference between the parties (Dkt. 3), the Court already addressed the issue of FINRA jurisdiction for the underlying claims.[1] Significantly, it was *the Defendant* at that time who sought dismissal of the entire matter from this Court and transfer to FINRA.[2] This Court correctly noted that the two jurisdictions each have an appropriate role: this Court resolve the Temporary Restraining Order and the Preliminary Injunction issues, and FINRA resolve the substantive claims.[3] Defendant is free to pursue any substantive counterclaims in FINRA, in response to Plaintiffs' Statement of Claim filed there, but Defendant may not pursue those in the limited injunctive scope of this forum.

---

[1] The Court: "…I suspected that the ultimate merits of the dispute would be arbitrated before FINRA." 10:22-24.

[2] Ms. Peters-Hamlin: "So the parties have an agreement that all merits of any employment dispute, including these kinds of disputes that are…presently before the Southern District of New York must be arbitrated before FINRA." 10:16-19.

[3] The Court: "Yes, I have an obligation to decide any request for a TRO and a preliminary injunction…when I saw the issue of FINRA in the papers, certainly it triggered my understanding of preliminary injunctions in aid of arbitration." 29:25-30:9.

**Proskauer»**

Defendant may have changed counsel, but he remains bound by the prior proceedings where he not only waived any challenge to FINRA's jurisdiction to resolve the underlying claims, but in fact argued in favor of that forum. Plaintiffs provided Defendant with the transcript of the January 26, 2023 Conference that addressed this issue. Notwithstanding these prior discussions, and the applicable rules, Defendant advised that he still seeks to pursue counterclaims for monetary damages in this forum.

Accordingly, Plaintiffs propose the following briefing schedule:

- April 28, 2023: Plaintiffs' Motion to Compel Arbitration and Stay the Litigation of the Defendant's Counterclaims

- May 12, 2023: Defendant's Opposition

- May 19, 2023: Plaintiffs' Reply

Respectfully submitted,

*/s/ Lloyd B. Chinn*
Lloyd B. Chinn
*Plaintiffs StoneX Group, Inc.*
*and StoneX Financial, Inc.*