

> **SO ORDERED**
> *Valerie Figueredo*
> VALERIE FIGUEREDO
> United States Magistrate Judge
> Dated: 6-21-2023
>
> Mr. Shipman is permitted to conduct a virtual deposition of Mr. Robinson for up to four hours. Because Mr. Shipman's opposition to Plaintiffs' motion for sanctions is due by July 11, 2023, the deposition of Mr. Robinson must be conducted by July 7, 2023. Mr. Shipman must pay the full costs of that deposition to Plaintiffs before the deposition is scheduled. Plaintiffs are directed to promptly inform Mr. Shipman of the costs of a deposition not to exceed four hours. At the conference on June 12, 2023, Mr. Shipman indicated that he has limited means for retaining an attorney. The Court again urges Mr. Shipman to retain an attorney as soon as possible, and to seriously consider whether he might be better served by using the funds he intends to expend on the deposition of Mr. Robinson on an attorney to represent him in this action.

Proskauer Rose LLP   Eleven Times Sq

June 20, 2023

**VIA ECF**
Honorable Valerie Figueredo
Daniel Patrick Moynihan U.S. Courthouse
500 Peral Street
New York, NY 10007-1312

Re: StoneX Financial – Shipman: Case No. 301012587(JGK)(VF)
    **Joint Letter re Status of Defendant's Request for Expert Deposition**

Dear Judge Figueredo:

We are counsel Plaintiffs StoneX Group, Inc. and StoneX Financial, Inc. (collectively "StoneX") and submit this Joint Letter pursuant to the Court's Order (Dkt. 100) concerning the scheduling of Defendant's proposed deposition of Cuyler Robinson from Charles River Associates.

**Defendant's Position:**[1]

Dear Hon. Judge Figueredo:

I seek to depose Mr. ROBINSON of Charles River Associates regarding his Declaration made supporting Plaintiffs' Motion for Sanctions. Plaintiffs' counsel has advised me that Mr. ROBINSON requires $780 per hour for a deposition. Furthermore, Plaintiffs' counsel has required an advance payment for 8 hours in the amount of $6,240 before even confirming Mr. ROBINSON can attend a deposition.

Plaintiffs' counsel has also advised that Mr. ROBINSON has "fairly good availability over the next month to appear for a virtual deposition."

My financial means are limited, but I am pursuing a number of alternatives to secure the funds necessary for the virtual deposition of Mr. ROBINSON. The deposition of Mr. ROBINSON is essential for my opposition to Plaintiffs' Motion for Sanctions.

I respectfully ask the Court to allow either a 4 hour virtual deposition for payment of $3,120 to Charles River Associates, or an 8 hour virtual deposition for payment of $6,240 to Charles River Associates, and that such deposition would occur no later than July 9, 2023.

---

[1] Plaintiffs provide Defendant's position verbatim, as sent to them on June 20, 2023.

**Plaintiffs' Position:**

Plaintiffs' counsel emailed Defendant *pro se* on Tuesday, June 13, 2023, concerning the scheduling of Defendant's proposed deposition of Mr. Robinson. (Email attached as Exhibit A). Pursuant to the Court's direction during the June 12 conference, Plaintiffs: (1) identified Mr. Robinson's hourly rate (the same rate he charges StoneX for his work), which Defendant is required to pay pursuant to Fed. R. Civ. Pro. 26(b)(4)(E), (2) requested that Defendant provide an advance payment of $6,240 (8 hours of Mr. Robinson's time for deposition preparation and the deposition) to secure Mr. Robinson's availability, and (3) noted that "[t]o the extent that the duration of Mr. Robinson's deposition and preparation for the deposition exceed 8 hours, we will require prompt payment of the additional fees for his time spent. If the duration of the deposition and preparation is less than 8 hours, we will promptly refund you the outstanding balance." Despite follow up from Plaintiffs, Defendant did not respond with his position until this afternoon.

Plaintiffs do not oppose Defendant's ability to conduct a limited virtual deposition of Mr. Robinson.[2] However – and particularly in light of Defendant's submission today (June 20, Dkt. 105) wherein he stated "Plaintiff [*sic*] is asking for $6,445 which I do not have" – Plaintiffs require full payment in advance of Mr. Robinson's fees for *both* his deposition and preparation, pursuant to Fed. R. Civ. Pro. 26(b)(4)(E). We estimate that eight (8) hours total is the approximate amount of time needed to prepare and present Mr. Robinson for the deposition.

As a threshold matter, Plaintiff should be compelled to pay the full costs/fees for his canceled deposition (Dkt. 94) before scheduling Mr. Robinson's deposition. Mr. Shipman should not be allowed to avoid paying his outstanding debt to StoneX before taking on a new payment obligation. Accordingly, Plaintiffs request that Mr. Shipman be ordered to pay both the costs/fees to be Ordered by the Court for the cancellation of Mr. Shipman's deposition (Dkt. 94), and the $6,240 (8 hours of Mr. Robinson's time) by this Friday, June 23, to Plaintiffs' counsel (Proskauer), in order to secure Mr. Robinson's deposition.

We thank the Court for its attention to this matter.

Respectfully submitted on behalf of both parties,

*/s/ Lloyd B. Chinn*

Lloyd B. Chinn

---

[2] The deposition must be limited (1) to the subject of Mr. Robinson's report, and (2) may not inquire about any subjects about which Mr. Shipman invoked the Fifth Amendment and refused to respond to questions during *his* deposition.