UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STONEX GROUP, INC. et al.,

                                        Plaintiffs,

-against-

HOWARD SHIPMAN,

                                        Defendant.
------------------------------------------------------------------X

23-CV-00613 (JGK) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that a court may order sanctions for a party's failure to attend his own deposition. Plaintiffs request an award of costs in the amount of $6,455, following Mr. Shipman's failure to appear at his scheduled deposition on May 24, 2023. See ECF No. 94. From the total amount of costs incurred by Plaintiffs, $1,685 is attributable to the costs and fees of hiring a stenographer and videographer. See ECF No. 94-3. Those costs are directly tied to the deposition itself and Mr. Shipman's failure to appear for his deposition caused Plaintiffs to waste the money expended on those services. See, e.g., Burks v. Stickney, 837 F. App'x 829, 832-833 (2d Cir. 2020) (upholding a sanctions award for the expenses incurred by "a party's failure to attend his own deposition").

       The additional $4,770 requested by Plaintiffs reflect the hourly rate of Plaintiffs' attorneys, who waited for two hours for Mr. Shipman to appear. During an ex-parte call with the Court on the day of the scheduled deposition, Mr. Shipman's counsel explained the reasons for Mr. Shipman's non-appearance. The events ultimately leading to Mr. Shipman's non-appearance, however, were known to counsel and Mr. Shipman several hours before the start of the deposition. There thus was no reason why Plaintiffs' attorneys could not have been notified—either prior to the start of the deposition or, at the very latest, at the deposition's

scheduled start time—that Mr. Shipman would not appear that day. Because the failure to notify Plaintiffs' counsel was not substantially justified, Mr. Shipman should be responsible for paying the reasonable hourly rate of Plaintiffs' attorneys, for the two hours they were made to wait without any explanation for Mr. Shipman's whereabouts.

The hourly rate of $1,285.50 requested by Mr. Lloyd B. Chinn, a partner at Proskauer Rose, is commensurate with the hourly rates approved by courts in this District for partners with similar experiences, reputations, and abilities. See, e.g., Vista Outdoor Inc. v. Reeves Family Trust, No. 16-CV-5766 (JSR), 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (awarding $1,260 to partners in the New York City "big firm market"); U.S. Bank Nat'l Assoc. v. Dexia Real Estate Capital Markets, No. 12-CV-9412 (PAE), 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) ("[P]artner billing rates in excess of $1,000 an hour[ ] are by now not uncommon in the context of complex commercial litigation."). However, the $1,102.50 rate requested for Mr. Daryl G. Leon, an associate at Proskauer, is above the reasonable rate typically approved by courts in this District for associates at similar law firms in the City. See, e.g., Sagax Development Corp. v. ITrust S.A., No. 19-CV-3386 (RA) (JW), 2022 WL 2663488, at *2 (S.D.N.Y. July 11, 2022) (collecting cases). Instead, an hourly rate of $800 is far more in line with the hourly rate typically approved by courts for senior associates at large law firms. See id. Accordingly, although the hourly rate requested for Mr. Chinn is approved, the hourly rate requested for Mr. Leon is reduced to $800.

IT IS HEREBY ORDERED that Defendant shall pay $5,850, which are the reasonable expenses and fees incurred by Plaintiffs as a result of Defendant's refusal to appear for his noticed deposition scheduled for May 24, 2023. **SO ORDERED.**

DATED:     June 21, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge