UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STONEX GROUP, INC. et al.,

                                                    23-CV-00613 (JGK) (VF)

                      Plaintiffs,

                                                    **ORDER**

          -against-

HOWARD SHIPMAN,

                      Defendant.
------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge:**

      Plaintiffs request that the Court strike Defendant's letter at ECF No. 95 pursuant to Federal Rule of Civil Procedure 12(f). See ECF Nos. 96 at 2, 99 at 1-2. Rule 12(f) "allows a court to strike pleadings only." Granger v. Gill Abstract Corp., 566 F. Supp. 2d 323, 334 (S.D.N.Y.2008). Pleading are complaints, answers, cross- and counterclaims. See Fed. R. Civ. P. 7(a); see also Granger, 566 F. Supp. 2d at 334-35 (recommending denial of pro se plaintiff's motions to strike the defendants' cross-motion for summary judgment motion and supporting papers); Burns v. Bank of Am., No. 03-CV-1685, 2007 WL 1589437, at *11 (S.D.N.Y. June 4, 2007) ("[T]he reply brief and accompanying materials of which the plaintiffs complain is not a pleading, and thus is not properly the subject of a motion under Rule 12[f].").

      To the extent Plaintiffs seek certain redactions of Defendant's June 1 letter, Plaintiffs have not made the requisite showing under Lugosh v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). Plaintiffs acknowledge that the text they propose to redact from the letter "does not disclose trade secrets." See ECF No. 99 at 2. Nor does the proposed redacted text appear to predominantly relate to potentially sensitive commercial or financial information of the business.

But regardless, the common law right of public access only attaches to "judicial documents," i.e., those "relevant to the performance of the judicial function and useful in the judicial process." See Liu v. Nielsen Co. (US) LLC, No. 22 CIV. 9084 (JHR), 2023 WL 3750116, at *1 (S.D.N.Y. June 1, 2023) (quoting Lugosch, 435 F.3d 110, 119 (2d Cir. 2006)) (internal quotation marks omitted). A document is "relevant to the performance of the judicial function if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (quotation omitted). Beyond the fact that the redactions proposed by the parties are far too broad, the portions sought to be redacted were not relevant to Defendant's request to stay the case, and were not considered by the Court in denying the request for a stay on June 5, 2023. See ECF No. 97.

Nevertheless, erring on the side of caution, the Court will permit certain minimal redactions to the letter at ECF No. 95, to text that may touch upon sensitive business information. The Court will email a copy of the letter to Plaintiffs, highlighting the portions that may be redacted. Plaintiffs are directed to then share this with Defendant and to upload a redacted version of the letter on the public docket. The Clerk of Court is directed to maintain the letter at ECF No. 95 under seal.

**SO ORDERED.**

DATED:   June 28, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge