
Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

October 11, 2023

Lloyd B. Chinn
Member of the Firm
d +1.212.969.3341
f 212.969.2900
lchinn@proskauer.com
www.proskauer.com

*By ECF*

Hon. Valerie Figueredo
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
FigureredoNYSDChambers@nysd.uscourts.gov

Re:   **StoneX Group Inc., et. al. v. Howard Shipman (23-cv-613(JGK)(VF))**
        **Notice re Lift of Bankruptcy Stay and Request for Continued Schedule**

Dear Hon. Judge Figueredo:

We are counsel to Plaintiffs StoneX Group, Inc. and StoneX Financial, Inc. ("StoneX"). This matter was stayed on August 9, 2023 as a result of Defendant Howard Shipman's filing for personal bankruptcy in the United States Bankruptcy Court, District of Connecticut, on July 5, 2023. (*See* Dkt.s 114 and 115). Pursuant to this Court's Order (Dkt. 115) we write now: (1) to provide notice that the Bankruptcy Court has lifted the stay in this matter (*see* Exh. A) so that StoneX may pursue certain relief (detailed below) and (2) to request that the Court enter a Scheduling Order that is consistent with the Court's prior Orders (*see* Dkt.s 84 and 100).

On September 25, 2023 the Bankruptcy Court lifted the stay in this matter (Exh. A) so that StoneX:

1. [M]ay prosecute their Dispositive Motion for Discovery Sanctions (the "Discovery Motion") in the District Court Action against Mr. Shipman ("Shipman"), dated June 20, 2023 (ECF 106) to conclusion, except that Movants may not enforce and/or collect any monetary awards against Shipman without further order of this Court.

2. [M]ay prosecute their Complaint to the extent that it seeks to establish a permanent injunction against Shipman (Prayer for Relief II in Movants' Unredacted Complaint dated January 19, 2023 (ECF 30)), except that Movants may not enforce and/or collect any monetary awards against Shipman without further order of this Court.

The fourteen day stay of the Bankruptcy Court's Order, which lifted the automatic bankruptcy stay, expired on October 10, 2023.

As the Court is aware, Defendant filed for personal bankruptcy just as his opposition to Plaintiffs' motion for sanctions was due. (*See* Dkt.s 100; 106-108; 114). Accordingly, Plaintiffs propose that Defendant be permitted one week to file any opposition to Plaintiffs' motion for sanctions. Plaintiffs propose that, in turn, they be permitted one week to file any reply

**Proskauer**

Hon. Valerie Figueredo
October 11, 2023
Page 2

submissions.  Plaintiffs thus propose the following schedule for the briefing that remains on the sanctions motion:

- Defendant's Brief in Opposition to Sanctions due October 19, 2023.

- Plaintiffs' Reply in Further Support of Sanctions due October 26, 2023.

Due to concurrent deadlines in Defendant's bankruptcy proceeding, StoneX requests that the Court fully resolve the sanctions motion prior to scheduling briefing on the preliminary injunction.  Pursuant to the Bankruptcy Court Order, StoneX is required to file a Complaint to determine the dischargeability of any monetary sanctions awarded by this Court by January 12, 2024. (*See* Exh. B). Thus, once the sanctions issues have been resolved, the parties can propose a briefing schedule for Plaintiffs' application for preliminary injunction and schedule a hearing on that application.[1]

Plaintiffs' counsel wrote to Defendant by email to confirm his agreement with the proposed schedule, but Defendant did not respond.

Respectfully submitted,

*/s/ Lloyd B. Chinn*

Lloyd B. Chinn
*Plaintiffs StoneX Group, Inc.*
*and StoneX Financial, Inc*.

---

[1] Discovery closed in June following Plaintiffs' continued deposition of Mr. Shipman. (*See* Dkt.s 83 and 100).