UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
STONEX GROUP INC. and STONEX : Case No. 23-CV-613 (JGK)
FINANCIAL INC., :
:
        Plaintiffs, :
:
        v. :
:
:
HOWARD SHIPMAN, :
:
        Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR DISPOSITIVE MOTION FOR SANCTIONS AGAINST DEFENDANT HOWARD SHIPMAN**

                                                          PROSKAUER ROSE LLP
                                                          Lloyd B. Chinn
                                                          Daryl G. Leon
                                                          Eleven Times Square
                                                          New York, New York 10036
                                                          *Attorneys for Plaintiffs*

i

ii

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT ...................................................................................................................................2

CONCLUSION ................................................................................................................................8

iii

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Advanced Fluid Systems, Inc. v. Huber*,
    958 F. 3d 168 (3d Cir. 2020)............................................................................................2

*DTM Rsch., LLC v. AT&T Corp.*,
    245 F.3d 327 (4th Cir. 2001) ..........................................................................................2

**PRELIMINARY STATEMENT**

Defendant Howard Shipman's opposition barely addresses the subject of Plaintiff's sanctions motion – his thievery, evidence destruction and perjury. Instead, it rehashes irrelevant allegations and grievances that have already been addressed by the Court or that relate to extraneous matters outside the Court's purview. Shipman cannot persuasively deny the proof of his misconduct, rebut his repeated violations of this Court's discovery orders, or the findings of spoliation set forth in StoneX's motion for sanctions.

The Court should exercise its inherent authority and powers under Rule 37 to grant StoneX's motion in its entirety and impose the most severe sanctions against Shipman for the reasons set forth in StoneX's Motion and this Reply. Specifically, the Court should find that:

- Shipman had a duty to preserve evidence.
- Shipman did not take reasonable steps to preserve evidence – he affirmatively destroyed it.
- The evidence that Shipman destroyed cannot be restored or replaced.
- Shipman's destruction was committed with the explicit "intent to deprive" StoneX of discoverable material, including its confidential and proprietary information.

(*See* StoneX Moving Brief).

Shipman's Opposition fails to address CRA's extensive findings of ESI deletions or explain his improper actions. Instead, Shipman's Opposition reveals yet <u>another</u> instance of his destruction of evidence. Shipman admits that in May 2023, he found portions of the Darwin source code; failed to produce it, and no longer possesses it today. (*See* Shipman's Opposition Brief, Statement of Facts § II(G); Shipman's Declaration, Dkt. 120, Exhibit E at ¶¶ 9-13).

Shipman's intentional destruction of evidence and repeated stonewalling breached every obligation governing civil litigation and warrants the strongest possible sanctions allowed. Shipman's charade has caused StoneX to incur over a million dollars of unnecessary fees and costs on what it eventually learned was a fruitless effort to obtain and recover the ESI he destroyed. After nearly eleven months of litigation, Shipman must be held accountable for his actions. The Court should grant StoneX's motion and order terminating sanctions against Shipman striking his pleadings, and award StoneX its legal and forensic expert's costs and fees.

## ARGUMENT

Rather than addressing the question of whether or not he engaged in spoliation, Shipman's opposition consists of: (1) baseless assertions, (2) a repetition of issues already addressed and resolved by the Court, and (3) irrelevant attacks against his former co-workers and employer. Furthermore, the opposition fails to include a credible defense to CRA's findings (Dkt. 108-1) or the numerous examples of obfuscation and lying during Shipman's depositions. (*See* StoneX Moving Brief §IV(I)). Plaintiffs will briefly address each of these distractions.

First, Shipman's inclusion of baseless conclusory statements and unsupported factual assertions have no bearing on the critical question of whether he destroyed evidence while he was under a preservation obligation. For example, Shipman's claim that Darwin has "no value" is irrelevant and provides no defense to his intentional destruction of evidence. Likewise, Shipman's claim that StoneX stole computer source code is legally irrelevant to the pending motion.[1]

---

[1] *See e.g.*, *DTM Rsch., LLC v. AT&T Corp.*, 245 F.3d 327 (4th Cir. 2001) and *Advanced Fluid Systems, Inc. v. Huber*, 958 F.3d 168 (3d Cir. 2020).

2

Second, Shipman's Opposition raises numerous issues that the Court has already addressed. These matters include: (1) Shipman's claim that StoneX stole computer source code, and claims about CRA's receipt of Shipman's laptop, both of which were addressed with Judge Koeltl at a Conference on February 1, 2023. (*See e.g.,* Dkt. 39, February 1, 2023 Conference Transcript at 13:1-9, 22:7-22). (2) CRA's inadvertent disclosure of purportedly privileged information, which was addressed by Magistrate Judge Figueredo on April 26, 2023. (*See* Dkts. 72, 101-1, April 26, 2023 Conference Transcript at 21:13-17, 25:8-18). (3) Shipman's (still outstanding) obligation under the Forensic Discovery Protocol to prepare a privilege log, which was recently addressed with the Court during a conference on June 12, 2023. (*See* Dkt. 100). And, (4) Shipman's assertion in Section II(B) that StoneX refuses to settle with him, in which Shipman misrepresents his prior-position on resolution, was addressed by both Judge Koeltl (Dkt. 47, Jan. 26, 2023 Conference Transcript at 17:19-18:3) and Magistrate Judge Figueredo (*see e.g.,* Dkt. 72 and 101-1, April 26, 2023 Conference Transcript at 13:3-11). None of these issues are relevant to, or excuse, Shipman's extensive misconduct, which is at issue in StoneX's motion. Shipman's attacks against his former co-workers and StoneX, are similarly irrelevant.

Where Shipman's Opposition does address CRA's findings and conclusions, Shipman's explanations are without support, suspiciously narrowly worded[2], and often directly contradict his sworn deposition testimony. For example, for the first time, Shipman denies *some* of CRA's findings – rather than simply saying 'I don't recall.' (*See* StoneX Moving Brief at Statement of Facts §(H)). However, the Court should disregard these threadbare denials as unpersuasive on

---

[2] *E.g.,* Shipman's Opposition at page 21: "I have not used "sdelete" or any other "wiping" program for purposes of obfuscation or obstruction," and "I do not recognize the command "sys.dat" . . . ."

3

their face.  Shipman was repeatedly provided opportunities to deny CRA's findings during his deposition, but he repeatedly refused to do so.

> Q. Okay. But you didn't deny it. You just said, I don't remember whether I did it or not, right?
> A. Yeah. I can't recall.
> . . .
> Q. But I'm asking a different question now, because I'm giving you the opportunity to say, absolutely not, no way, that didn't happen. And you're not saying that.
> A. Yeah, just saying I don't recall.
> Q. Yeah. So having been given the opportunity to deny this outright that you executed SDelete 94 times between December 26, 202[2] and March 2, 2023, given the opportunity to deny it outright, you have instead chosen to answer that question with "I don't recall."
> A. I don't have any recollection of running SDelete.
> Q. Okay. You don't have any recollection of doing it. But you're not willing to deny under oath that it ever occurred.
> A. Yeah, I'm not certain.

(Exh. 1, Shipman's June 14, 2023 Deposition at 630:2-631:7).[3]

Shipman's limited explanations and defenses (*e.g.* "powering on and off a computer changes the digital evidence") fall short. (*See* Shipman's Opposition at page 17).  Whatever impact turning on/off a computer has, it does not cause "SDelete" to run 94 times.  (*See* StoneX Moving Brief at Statement of Facts §IV(A)).  Nor does it cause three Linode virtual cloud computers to spontaneous delete themselves on successive days; USB drives with relevant ESI, including files named "Darwin" and "Texas, to just disappear; or computers to independently create an "anti-forensic" playbook for their users.  (*See* StoneX Moving Brief at Preliminary Statement).  Shipman offers no legal or factual response to these, or his other extensive spoliation efforts detailed in StoneX's Moving Brief.  His mere recitation of summary statements

---

[3] Exhibits to the Declaration of Lloyd B. Chinn in Support of StoneX's Motion for Sanctions are referred to herein as "Exh. __."

4

and denials without any evidence or support are insufficient to rebut the report of StoneX's recognized forensic expert. As summarized by CRA:

> Shipman destroyed, altered, and hid relevant evidence using dedicated tools and techniques designed to obscure, alter, or destroy data (i.e., "anti-forensic" efforts). In my 19 years of conducting digital forensic investigations, I have never encountered such a sustained and determined anti-forensic campaign carried out by one individual.

(Dkt. 108-1 at ¶ 13).

Shipman's invocation of the Fifth Amendment was done repeatedly and intentionally. It was not limited to one interrogatory and deposition response as his Opposition attempts to portray. (*See* Shipman's Opposition Brief at page 19). Shipman invoked his Fifth Amendment rights multiple times during his continued deposition, and then again two days later in his interrogatory responses. (StoneX Moving Brief at Argument II(A)). These were not the result of confusion or his *pro se* status. (StoneX Moving Brief at Statement of Facts IV(H)). Indeed, when Shipman first invoked his rights regarding the location of Darwin at his deposition, StoneX's counsel explained the potential consequences of such an invocation and Shipman let his answer stand and repeated it several more times.[4]

---

[4] The deposition is still open because Shipman still owes a number of discovery items, including the privilege log (and any additional non-privileged documents) that was Ordered as part of the Court's February 28, 2023 Forensic Review Protocol (Dkts. 45 and 100) and additional devices he has not produced. (*See* Exh. 1, Shipman's June 14, 2023 Deposition at 716:1-14 "[T]here are number of things that are still owed to us by Mr. Shipman. . . . There is a -- at least, one, a Memorex thumb drive that we need to address, based on the testimony here. So we are not agreeing to close the deposition at this point, but we are agreeing to adjourn it as of now.")

> Q. Let me just ask you something. Do you understand the consequence of pleading the Fifth Amendment in a civil case?
> A. I probably don't, because I'm pro se, but I'm doing the best I can.
> Q. Do you understand that in a civil case, unlike in a criminal case, an inference can arise that if you plead the Fifth, that the answer to the question would be detrimental to your position in this case if you were to answer truthfully. Do you understand that?
> A. I do now that you've told me.

(Exh. 1, Shipman's June 14, 2023 Deposition at 386:4-16).

> Q. And as to your possession of Darwin, you are now pleading the Fifth Amendment against self-incrimination. Correct?
> A. I'm not changing my answer on the questions that I pleaded the Fifth to.

(Exh. 1, Shipman's June 14, 2023 Deposition at 389:1-5).

Two days after giving this testimony, Shipman once again asserted his Fifth Amendment rights to not respond to StoneX's Second Set of Interrogatories. (Dkt. 108-9). Despite this, Shipman now asks the Court to reconsider his invocation and allow him to avoid the consequences of his decision. It should not, as it is one more example of Shipman attempting to cover up his additional spoliation of evidence.

Finally, despite all of Shipman's improper actions to date, it is still surprising to see that Shipman's Opposition includes an admission of newly discovered ESI, which was in his possession during the course of this litigation, but which he has since destroyed, rather than disclosing or producing to StoneX. (*See* Shipman's Declaration, Dkt. 120, Exhibit E at ¶¶ 9-13).

Shipman's Declaration and Opposition Brief concede that he took Darwin code from StoneX's systems <u>after</u> his termination. (*See* Shipman's Opposition Brief, Statement of Facts § II(G); Shipman's Declaration, Dkt. 120, Exhibit E at ¶¶ 11-15). As presented by Shipman in his brief and declared under penalty of perjury, the facts are as follows:

- "On May 23, 2023, [Shipman] located several files used in the Darwin project."

- "On May 24, 2023, I brought the USB device holding these files to the deposition at Proskauer Offices, to deliver them to opposing counsel."

- "I met my attorney at the doors of the Proskauer offices, and we conferred."

- Shipman did not appear for his deposition and neither he nor his counsel revealed that Shipman possessed relevant Darwin source code files that he had brought "to deliver them to opposing counsel."[5]

- On June 14, 2023, Shipman appeared for his rescheduled deposition "and I invoked the Fifth Amendment."

- On June 16, 2023, Shipman answered Plaintiff's supplemental interrogatories, including Integratory No. 4 to, "Identify the Locations in your possession, custody or control that contained some, or all, of the Darwin source code at any time from June 1, 2022 through the present." He answered "Defendant pleads the Fifth Amendment."

- On October 19, 2023, Shipman filed his Opposition including the new Declaration at Ex. E (Dkt. 120), declaring that "I withdraw my invocation of the Fifth Amendment, and I will answer the question plainly: There are no locations

---

[5] At no time has Shipman or his former counsel ever before provided this implausible explanation of what happened on May 24 to Plaintiffs (much less turned over the referenced thumb drive). But the Court heard Shipman's former counsel's *ex parte* application to postpone the deposition (and a transcript was made of that discussion), so the Court has access to whatever Shipman's counsel asserted at that time.

7

in my possession, custody or control that contained some, or all, of the Darwin source code at any time from June 1, 2022, through the present."

(*See* Shipman's Declaration, Dkt. 120, Exhibit E at ¶¶ 9-17; Shipman's Opposition Brief, Statement of Facts § II(G)).

Shipman's contradictory statements cannot be reconciled. Taken together, under any reasonable interpretation, Shipman admits that he located and possessed Darwin related code during the course of this litigation but never produced it to StoneX counsel – despite standing outside their offices with it. However, at the same time, Shipman declares that he was "**not in possession of any Darwin source code," from June 1, 2022 to the present**. (*See* Shipman's Declaration, Dkt. 120, Exhibit E at ¶ 9, Shipman's Opposition Brief, Statement of Facts § II(G)) (emphasis added). The only conclusion that can be drawn from Shipman's Opposition Brief and Declaration is that during the course of this litigation he located and then destroyed StoneX's Darwin source code and is attempting to hide it in plain sight.

As a result, Shipman's Opposition, rather than rebutting StoneX's motion for sanctions instead provides additional evidence of further discovery violations and spoliation of evidence. Accordingly, StoneX's motion for dispositive sanctions should be granted.

## CONCLUSION

Shipman's pervasive misconduct during this litigation demands sanctions. After nearly 10 months, Shipman's lies, obstruction, and spoliation are well documented in the docket, his depositions, and the CRA report. Shipman repeatedly violated the Court's Orders and all rules governing civil litigation. This litigation has been costly and time consuming for StoneX – and StoneX *still* has not recovered any of the computer code that Shipman stole – solely because of Shipman's intentional discovery abuses and repeated gamesmanship before this Court. Shipman

8

must be held accountable to the fullest extent of the Court's authority. The Court should order terminating sanctions against Shipman by striking his pleadings and awarding StoneX its legal and forensic expert's costs and fees.

Further, in granting this relief, and in light of Shipman's invocation of the Fifth Amendment as to his theft of Darwin, the evidence submitted with Plaintiffs' original filings in this case (Dkts. 30-36) and Shipman's admissions as to the theft of other StoneX source code (Dkt. 57-A), the Court should proceed directly to the question of StoneX's entitlement to an injunction following the entry of appropriate sanctions.

Accordingly, Plaintiffs respectfully request that their motion be granted along with all such further relief that the Court deems just and proper.

Dated: October 26, 2023
       New York, New York

/s/ Lloyd B. Chinn
Lloyd B. Chinn
Daryl G. Leon
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Phone: (212) 969-3000
*Attorneys for Plaintiffs*

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STONEX GROUP INC. and STONEX
FINANCIAL INC.,

         Plaintiffs,       23-CV-613 (JGK)(VF)

   - against -

HOWARD SHIPMAN,

         Defendant.
-------------------------------------------------------------------X

## CERTIFICATE OF WORD COUNT AND FORMAT

  Pursuant to the Honorable John G. Koeltl's Individual Rules II(D), the undersigned counsel for Plaintiffs StoneX Group, Inc. and StoneX Financial, Inc. certifies that the foregoing Reply Memorandum of Law in Further Support Plaintiffs' Dispositive Motion for Sanctions Against Defendant Howard Shipman contains 2,430 words and complies with the formatting requirements of the Court's Rule II(D).


Dated: New York, New York
    October 26, 2023

                */s/ Daryl G. Leon*
                Daryl G. Leon
                PROSKAUER ROSE LLP
                Eleven Times Square
                New York, NY  10036-8299
                Phone: (212) 969-3000
                *Attorneys for Plaintiffs*