

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

January 24, 2024

Lloyd B. Chinn
Member of the Firm
d +1.212.969.3341
f 212.969.2900
lchinn@proskauer.com
www.proskauer.com

*By ECF*

Hon. Valerie Figueredo
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
FigureredoNYSDChambers@nysd.uscourts.gov

Re:   StoneX Group Inc., et. al v. Howard Shipman (23-cv-613(JGK)(VF))
      <u>Supplemental Submission Responding to the Court's Questions at Oral Argument</u>

Dear Hon. Judge Figueredo:

On behalf of Plaintiffs StoneX Group, Inc. and StoneX Financial, Inc. ("StoneX"), we write in further response to the Court's questions at oral argument last Thursday on Plaintiff's Motion for Sanctions. We ask that the Court accept this letter as a supplement to its earlier filings.

The Court asked for additional clarification on when litigation was first threatened in connection with determining when Mr. Shipman's duty to preserve evidence first arose. As stated at oral argument, Mr. Shipman was unquestionably on notice of a duty to preserve as of December 12 or 13, 2022, given that the communications between his then-lawyer and StoneX's in-house counsel over those days that made it clear that litigation was reasonably anticipated at that time. (*See* Dkt. 107 at 4-5, 16-17).

In addition to the emails already submitted, attached are additional communications sent on December 12 - 13, 2022 by Kristan Peters-Hamlin (Mr. Shipman's original counsel) to StoneX. Ms. Peters-Hamlin wrote an email to Anne Johnson (Global HR business Partner for StoneX) and Jacob Rappaport, (Head of Equities for StoneX Financial and Defendant's ultimate supervisor) on December 12, 2022 notifying StoneX that Mr. Shipman allegedly has "a number of compelling and serious claims that [she and Mr. Shipman] are considering bringing." *See* Declaration of Craig Hymowitz, Esq. (attached hereto), Exhibit 1. In response, Mr. Hymowitz and Ms. Peters-Hamlin exchanged a series of emails (attached as Exhibit 2 to the Hymowitz Declaration) for the purpose of scheduling a telephone call the following day. Following their discussion, Ms. Peters-Hamlin emailed Mr. Hymowitz the message attached as Exhibit C to my June 20, 2023 Declaration (Dkt. 108-3) with the subject line, "Looks like the alleged sabotage claim is provably meritless." Attached to the Hymowitz Declaration as Exhibit 3 is the full text of that message captured by Mr. Hymowitz. In that December 13th message, Ms. Peters-Hamlin made clear that (i) Mr. Hymowitz had placed her on notice of potential claims by StoneX against her client relating to StoneX intellectual property and (ii) that she had discussed those potential claims with Mr. Shipman, "I asked about the allegation you brought to my attention that my client allegedly put code into the software so that it would not work unless he added a new piece of software every day. That allegation is patently and provably false." When questioned about

**Proskauer»**

Hon. Valerie Figueredo
January 24, 2023
Page 2

this under oath, Mr. Shipman did not deny that his lawyer had, in fact, discussed that subject with him on that date. (Exhibit A hereto, Shipman deposition Tr. at 338-39).

In addition, even if Mr. Shipman and his Counsel did not reasonably anticipate litigation as of December 12/13, 2022, it does not excuse Mr. Shipman's deletions immediately thereafter. As documented in StoneX's Moving Brief, virtually all of Mr. Shipman's ESI destruction between his December 9, 2022 termination and December 26, 2022 (the day before he admittedly received StoneX's litigation hold, Dkt. 108-4) occurred on StoneX property (specifically its servers and his StoneX issued laptop) (*see* Dkt. 107 at pp. 17-18; *see also* Dkt. 108-1 at ¶¶ 70-87). Mr. Shipman had no right to destroy or remove StoneX files on StoneX's computers post-termination regardless of when his preservation obligation arose.

Similarly, Mr. Shipman's December 13-15, 2022 deletion of the three Linode computers (which did not belong to StoneX) could, and should, have been remedied/recovered for the litigation if he had complied with StoneX's litigation hold or the Court's January 26 and February 10, 2023 Orders. (Dkt. 3, 8; *see* Dkt. 108-1 at ¶¶ 88-103). He did not.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Lloyd B. Chinn*

Lloyd B. Chinn

Attachments

  Exhibit A, Shipman Deposition Excerpts
  Declaration of Craig Hymowitz, Esq. (with Exhibits 1-3)

Cc: Howard Shipman