UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
STONEX GROUP INC. and :
STONEX FINANCIAL INC., :
: Case No. 23-CV-613 (JGK) (VF)
Plaintiffs, :
:
v. :
:
HOWARD SHIPMAN, :
:
Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DECLARATION OF CRAIG HYMOWITZ

I, Craig Hymowitz, declare as follows:

1.      I am an Assistant General Counsel at StoneX Group, Inc. ("StoneX Group"), one of the plaintiffs in the above-captioned action, along with StoneX Financial, Inc. ("StoneX Financial") (collectively, "StoneX").  I offer this declaration in support of StoneX's opposition to the motion to intervene by non-party BTIG, LLC ("BTIG"). This declaration is based upon my personal knowledge and information provided to me, and, if called to testify, I could and would do so competently as to the matters set forth herein.

2.      Attached as **Exhibit 1** is a true and correct copy of BTIG's publicly filed complaint, with redactions, in the California litigation, dated November 13, 2023 (Superior Court of the State of California, CGC-23-610525).

3.      On January 5, 2024, StoneX filed a motion to quash service of summons for lack of personal jurisdiction and a petition to compel arbitration to FINRA. Attached as **Exhibit 2** is a true and correct copy of the motion to quash (without its exhibits) and attached as **Exhibit 3** is a true and correct copy of the petition to compel arbitration (without its exhibits).

4. BTIG opposed the motion to quash and petition to compel arbitration on February 1, 2024. BTIG asked that the motion to quash be continued, to allow for jurisdictional discovery, and also requested discovery as to arbitrability. Attached as **Exhibit 4** is a true and correct copy of BTIG's opposition to the motion to quash (without its exhibits or appendix) and attached as **Exhibit 5** is a true and correct copy of BTIG's response to the petition to compel (without its exhibits or appendix).

5. Attached as **Exhibit 6** is a true and correct copy of the California court's February 15, 2024 order, continuing the motion to quash until June 12, 2024 and ordering limited jurisdictional discovery. The order states, in relevant part: "[BTIG] has leave to conduct discovery regarding the claims-related contacts that defendants themselves allegedly created with California. Plaintiff may conduct discovery regarding whether (1) defendants reached out to plaintiff's California employees during negotiations of the settlement agreement, (2) defendants' alleged misappropriation of information from plaintiff's California servers, and (3) defendants' alleged continuing misappropriation with regard to California consumers. Plaintiff may depose defendant's [person most knowledgeable] for six hours and serve 25 special interrogatories and 25 requests for production regarding these jurisdictional issues."

6. Attached as **Exhibit 7** is a true and correct copy of the California court's order, also dated February 15, 2024, continuing the petition to compel arbitration until June 12, 2024.

7. BTIG initially provided StoneX with only a redacted version of its trade secret disclosure. Attached as **Exhibit 8** is a true and correct copy of narrative portion of BTIG's redacted California 2019.210 trade secret disclosure dated December 5, 2023.

8.  Attached as **Exhibit 9** are true and correct copies of certain of BTIG's discovery requests, dated December 7, 2023, including its Requests for Production (**Exhibit 9A**) and Special Interrogatories (**Exhibit 9B**).

9.  StoneX responded to and opposed these discovery requests including by filing objections. Attached as **Exhibit 10** is the cover page and relevant pages of one of those responses and objections which shows that StoneX made certain specific objections.

10. BTIG propounded new discovery requests in response to the California court's February 15, 2024 order.

11. Attached as **Exhibit 11** is a true and correct redacted copy of StoneX's March 12, 2024 letter to BTIG regarding its trade secret disclosure sent by StoneX's outside counsel to BTIG after receiving on an "outside counsel eyes only" basis BTIG's unredacted disclosure on February 16, 2023.  I have received only this redacted version that I am providing to the Court. The parties have not as of today's filing resolved their dispute regarding the adequacy of BTIG's trade secret disclosure.

12. On January 3, 2024, StoneX commenced a new FINRA arbitration against BTIG. StoneX's Statement of Claim seeks damages for BTIG's violation of its agreement to submit all member-to-member disputes arising out of the parties' business activities to FINRA arbitration by commencing the California action, declaratory relief regarding the enforceability of a release agreement the parties entered into in March 2021, and declaratory relief that StoneX did not tortiously interfere with former BTIG employees' noncompetition and nonsolicitation agreements (FINRA Case No. 24-00030).

13. BTIG answered StoneX's FINRA Statement of Claim on March 14, 2024 and FINRA has since instructed the parties to rank a list of arbitrators.

14. The documents that were the subject of this Court's February 16, 2023, and March 14, 2023 sealing orders contain sensitive information and proprietary and confidential strategic business information, including descriptions of StoneX trading products, Shipman's IP address, and over 1,000 pages of StoneX proprietary source code taken by Shipman.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of March, 2024, at Birmingham, Alabama.

_____
Craig Hymowitz