```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
───────────────────────────────────────

STONEX GROUP, INC., ET AL.,

                Plaintiffs,         23-cv-00613 (JGK)

     - against -                 MEMORANDUM OPINION AND ORDER

HOWARD SHIPMAN,

                Defendant.

───────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

The Court has received the Report and Recommendation by Magistrate Judge Valerie Figueredo, dated February 5, 2024, which recommends that this Court grant the plaintiffs' motion for sanctions based on alleged spoliation of evidence. See Report and Recommendation at 35, ECF No. 134 ("R&R"); see also Pl.'s Mot. for Sanctions, ECF No. 106.

### I.

The plaintiffs, StoneX Group Inc. and StoneX Financial Inc. (collectively, "StoneX" or "the plaintiffs"), filed a motion for sanctions under Federal Rule of Civil Procedure 37(e) against the pro se defendant, Howard Shipman ("Shipman"), for his failure to preserve electronically stored information ("ESI"). See ECF No. 106. The Magistrate Judge recommended that StoneX's motion for sanctions be granted. The Magistrate Judge recommended that 1) default judgment be entered against Shipman; 2) an order be entered striking Shipman's counterclaims; and 3)

1

monetary sanctions be awarded to StoneX for the attorney's fees and costs for the motion for sanctions. See R&R at 35.

The Court reviews de novo each of the elements of the Report and Recommendation to which an objection has been filed. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The Court may adopt those portions of the Report and Recommendation "to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous." United States Sec. & Exch. Comm'n v. Collector's Coffee Inc., 603 F. Supp. 3d 77, 83 (S.D.N.Y. 2022)(citing Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985)).[1] There are no portions of the Report that were not objected to that are clearly erroneous.

After considering the Report and Recommendation and the defendant's objections, the Court concludes that the objections have no merit and that the Report and Recommendations is amply supported. The Court therefore adopts the Report and Recommendation in its entirety.

**II.**

In this case, the plaintiffs filed a motion for sanctions, contending that Shipman intentionally destroyed ESI evidence,

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

despite Shipman's obligation to preserve that evidence. See ECF No. 106; ECF No. 16 (voluntary stipulation by Howard Shipman agreeing to account for and to refrain from misappropriating StoneX's proprietary information). The plaintiffs sought to strike Shipman's pleadings and preclude Shipman from putting forth any defense to the plaintiffs' claims in this matter. See Pls.' Br., ECF No. 107. The plaintiffs also requested monetary sanctions, in the amount of "all costs and expenses incurred by [the plaintiffs] as a result of [the defendant's] deliberate acts of spoliation." Id. at 31.

The Magistrate Judge found that sanctions were warranted under Rule 37(e)(2), see R&R at 18, and that the plaintiffs had met their burden to demonstrate that Shipman failed to take reasonable steps to preserve the ESI he was obligated to preserve and that he did so intentionally to deprive the plaintiffs of that evidence, see id. at 31.

In reaching this conclusion, the Magistrate Judge relied on an expert report by Charles River Associates (the "CRA Report"), which found that Shipman had deleted a "deckard," and that this was equivalent to "destroying an entire computer and its storage drive." Id. at 7 (citing CRA Report ¶¶ 53-54, ECF No. 108-1). The CRA report also found that the plaintiffs' files had been deleted from Shipman's desktop computer, and "potentially wiped using a file wiping program[.]" R&R at 9. Ultimately, the

3

Magistrate Judge found that Shipman had engaged in extensive anti-forensic efforts to "destroy, alter, and hide" relevant evidence using tools and techniques "designed to alter or destroy data[.]" Id. at 13 (citing CRA Report ¶ 13, ECF No. 102-6).

The Magistrate Judge also held a hearing on the plaintiffs' motion for sanctions on January 18, 2024, see ECF No. 130, and found that Shipman had lied about his destruction of evidence at that hearing and during his depositions. See R&R at 32. Accordingly, because of the broad scope of the spoliation and the Court's inability to ascertain the breadth of the information destroyed, the Magistrate Judge concluded that terminating sanctions – the strictest form of sanctions - was the appropriate remedy. See id. at 31-32.

Based on these findings, the Magistrate Judge recommended that this Court grant the plaintiffs' motion for sanctions, that Shipman's cross-claims be stricken, that default judgment be entered against Shipman, and that the plaintiffs be awarded attorney's fees and costs for the current motion. See id. at 35.

**III.**

As an initial matter, the objections raised concerning the Magistrate Judge's recommendation that the Court grant the plaintiff's motion for sanctions have no merit, and many are irrelevant. For example, Shipman points to the investigation by

4

the Securities and Exchange Commission ("SEC") and a lawsuit brought against the plaintiffs by a rival company, "BTIG." See, e.g., Def.'s Obj. to R&R at 24, 28, ECF No. 135. However, none of these accusations are relevant to whether Shipman destroyed ESI on his electronic devices and then attempted to conceal that destruction.

The defendant also objects to the CRA Report, but none of the defendant's criticisms are sufficient to undermine the reliability of the CRA Report.

Shipman objects to the chain of custody for two of the electronic devices. See id. at 18-19, 21, 24. But these objections are relevant to the weight of the evidence, and not its admissibility. See United States v. Jackson, 345 F.3d 59, 65 (2d Cir. 2003); Cassell v. Ricks, 2000 WL 1010977, at *7 (S.D.N.Y. Jul. 21, 2000). Moreover, Shipman presents no evidence to indicate that the findings in the CRA Report are inaccurate. Shipman challenges the capability of two of the CRA employees, see Def.'s Obj. to R&R at 19-21, and contends that these employees did not appear "qualified to collect digital evidence on a computer." Id. at 20. But Shipman filed no affidavit, and his supplemental submission did not contest that the conclusion of the CRA employees was inaccurate. See, e.g., ECF No. 132. Moreover, at the hearing on the motion before the Magistrate

5

Judge, Shipman was in a position to deny under oath the conclusion reached in the CRA Report, but he failed to do so.

Upon de novo review of Shipman's objections, the Court concludes that the CRA's findings and conclusions substantiated the plaintiffs' claims of spoliation.

## IV.

As to the recommendations in the R&R to which there were no objections, the Magistrate Judge was not clearly erroneous in recommending that StoneX's motion for sanctions be granted.

Rule 37(e) of the Federal Rules of Civil Procedure governs sanctions for failure to preserve ESI and requires a three-part inquiry. Charlestown Cap. Advisors, LLC v. Acero Junction, Inc., 337 F.R.D. 47, 59 (S.D.N.Y. 2020). First, a court must determine if a party failed to "take reasonable steps to preserve" ESI that should have been preserved. Fed. R. Civ. P. 37(e)(1). If so, the second step is to find any "prejudice to another party from loss of the information." Charlestown Cap. Advisors, 337 F.R.D. at 59. A court may "order measures no greater than necessary to cure the prejudice" upon finding such prejudice. Id.; Fed. R. Civ. P. 37(e)(1). Third, regardless of prejudice to any other party, a court may consider whether the spoliating party "acted with the intent to deprive another party of the information's use in the litigation[.]" Fed. R. Civ. P. 37(e)(2). If so, a court may grant severe sanctions, including

6

1) presumptions that the lost information was unfavorable to the spoliating party, 2) instructions to the jury that it can presume the information was unfavorable to the spoliating party, and 3) dismissing the action or entering a default judgment. Id.; see also Lokai Holdings, LLC v. Twin Tiger USA, LLC, 2018 WL 1512055, at *8 (S.D.N.Y. March 12, 2018)(summarizing sanctions that are permitted under Rule 37(e)(2)).[2]

In this case, the Magistrate Judge did not err in determining that Shipman had an obligation to preserve ESI evidence. See R&R at 20-22. Shipman's duty to preserve arose when StoneX's counsel discussed with Shipman's then-counsel potential claims by StoneX against Shipman on December 13, 2022, see R&R at 20, or at latest, the duty arose by December 27, 2022, when the plaintiffs sent a letter to Shipman's then-counsel, informing Shipman's counsel that the plaintiffs were considering filing claims against Shipman, see id. at 21. The CRA Report makes clear, however, that Shipman deleted ESI on February 2, 2023, well after this suit commenced on January 24, 2023. Id. at 22 (citing CRA Report ¶ 134, ECF No. 102-33).

---

[2] The Advisory Committee Note to the current version of Rule 37(e)(2) explains that "[t]he remedy should fit the wrong, and the severe measures authorized by this subdivision should not be used when the information lost was relatively unimportant or lesser measures . . . would be sufficient to redress the loss." Fed. R. Civ. P. 37(e) Advisory Committee Note to 2015 amendment.

7

Moreover, the Magistrate Judge was not clearly erroneous in finding that Shipman failed to take reasonable steps to preserve the ESI that should have been preserved. See R&R at 25-26. Indeed, based on the findings of the CRA Report, the Magistrate Judge concluded that "Shipman engaged in affirmative acts that resulted in the deletion and destruction of ESI, using software specifically designed for that purpose, leading [the CRA Expert] to conclude that in his 19 years conducting digital forensic investigations, he had 'never encountered such a sustained and determined anti-forensic campaign' by one individual." Id. at 26-27 (citing CRA Report ¶ 13, ECF No. 102-5). These findings are amply supported by the record.

Next, the Magistrate Judge did not err in finding that Shipman intended to deprive the plaintiffs of the spoliated evidence. See R&R at 26.

To determine if a party acted with the intent to deprive another party of the information's use in the litigation and grant Rule 37(e)(2) sanctions, a court may consider whether the evidence destroyed is "the most important evidence." Cruz v. G-Star, 2019 WL 4805765, at *14 (S.D.N.Y. Sept. 30, 2019)(concluding that the data spoliated was not "the most important evidence" and the defendants did not intend to deprive the plaintiff of the information); see Moody v. CSX Transportation, Inc., 271 F. Supp. 3d 410 428, 431 (W.D.N.Y.

8

2017)(finding that the defendants spoliated highly relevant evidence to the determination of liability and intended to deprive the plaintiff of the use of the evidence). If a party made "expeditious efforts" to recover the data requested by the other party, a court may find that the party did not act with a "culpable state of mind" in destroying the evidence. Cruz, 2019 WL 4805765, at *14. The intent to deprive is not merely the intent to perform an act of destroying ESI, but rather the intent actually to deprive another party of evidence. Leidig v. Buzzfeed, Inc., 2017 WL 6512353, at *11 (S.D.N.Y. Dec. 19, 2017). Courts in this Circuit have also held that a party acted with an intent to deprive another party of the information's use where

> (1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) the spoliating party engaged in an affirmative act causing the evidence to be lost; (3) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator.

Moody, 271 F. Supp. 3d at 431. In addition, when a party is seeking terminating sanctions and the other party's state of mind is at issue, "it is appropriate" for the finding of intent to be based on a showing of "clear and convincing" evidence. CAT3, LLC v. Black Lineage, Inc., 164 F. Supp. 3d 488, 499

9

(S.D.N.Y. 2016)(finding that there was clear and convincing evidence that the plaintiffs manipulated the evidence).

Here, the CRA report documents numerous instances in which Shipman acted with the intent to deprive the plaintiffs of the ESI and to delete the plaintiffs' confidential information. See R&R at 26-27; see generally CRA Report ¶¶ 50-54, 60-69, 98-99, ECF No. 102-15, 17-18, 23-24. There is clear and convincing evidence that Shipman made a conscious effort to delete permanently the ESI he was obligated to protect. And, without the ESI in Shipman's electronic devices, the plaintiffs cannot determine whether Shipman stole the confidential information at issue. Moreover, Shipman made no conscious effort to recover the missing data. Indeed, to ensure that the data would not be recoverable, Shipman deleted the bash history log file from his StoneX laptop. See R&R at 27 (citing CRA Report at ¶¶ 66, 67, ECF No. 102-18). Furthermore, Shipman lied about his conduct, including testifying that he had never run a wiping program, entitled "SDelete." See R&R at 29 (citing ECF No. 108-8, 187:5-10)). Yet, at the hearing on the plaintiffs' motion, Shipman stated that he used "SDelete to delete some personal family records to do with [his] children's mental health." See Hearing Tr. at 46, ECF No. 130; R&R at 29-30.

10

**V.**

A district court has broad discretion in issuing sanctions for spoliation. West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)(concluding that dismissal of the case was too harsh under the circumstances of the case). Dismissal of a lawsuit is appropriate if the sanctioned party shows "willfulness, bad faith, or fault" on the part of the party. Id. It should be imposed only in extreme circumstances after consideration of "alternative, less drastic sanctions." Id. These circumstances can include repeated perjuries before a court. See, e.g., McMunn v. Memorial Sloan-Kettering Cancer Center, 191 F. Supp. 2d 440, 462 (S.D.N.Y. 2002); Miller v. Time-Warner Communications, Inc., 1999 WL 739528, at *3 (S.D.N.Y. Sept. 22, 1999).[3] Moreover, a lesser sanction such as a jury instruction may be ineffective as a sanction for pervasive dishonest behaviors when the scope of the spoliation is extensive. McMunn, 191 F. Supp. 2d at 462 (finding that a jury instruction was ineffective against a party who had lied, convinced others to lie, spoliated evidence, and concealed the whereabouts of a material witness).

---

[3] In Miller, the district court found that the defendants were not prejudiced by the plaintiff's erasure of handwritten notes because the defendants could still determine the substance of the erased writing. However, the district court still found dismissal appropriate.

11

In Miller, for example, the plaintiff in that case deliberately erased information to prevent the defendant from discovering it, and the plaintiff also testified falsely regarding the evidence that was erased. Miller, 1999 WL 739528, at *2. The district court in Miller found that dismissal of the case was an appropriate sanction because the "plaintiff's deliberate attempt to destroy evidence was exacerbated by [the plaintiff's] repeated perjuries on that subject." Id. at *3. As in Miller, Shipman's false testimony and intentional destruction of the evidence warrants dismissal of the action. In addition to his perjurious testimony, Shipman also permanently prevented the plaintiffs from accessing the information he deleted. The Magistrate Judge's conclusion is not clearly erroneous -- that terminating sanctions is the appropriate remedy -- under these circumstances.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The Court adopts the Magistrate Judge's Report and Recommendation in its entirety. Accordingly, the objections to the Magistrate Judge's findings are **overruled**. The Clerk is directed to close ECF Nos. 68, 106, and 125. The case is referred again to the Magistrate Judge to formulate an appropriate judgment consistent with this opinion,

12

and the Bankruptcy Court's lift of the stay relating to the decision on the motion for sanctions. See ECF No. 118.

**SO ORDERED.**

| | |
|---|---|
| **Dated:** New York, New York<br>July 10, 2024 | _____<br>John G. Koeltl<br>**United States District Judge** |

13