UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------- X
: 
STONEX GROUP INC. and : Case No. 23-CV-613 (JGK) (VF)
STONEX FINANCIAL INC., :
:
        Plaintiffs, : ~~[PROPOSED]~~ **JUDGMENT**
:
        v. :
:
HOWARD SHIPMAN, :
:
        Defendant. :
:
----------------------------------- X

      Upon review of this Court's Memorandum Opinion and Order dated July 10, 2024 (ECF No. 149), which adopted the Report and Recommendation of Magistrate Judge Valerie Figueredo dated February 5, 2024 (ECF No. 134) in its entirety and ordered that: (1) default judgment be entered against Defendant Howard Shipman ("Defendant") on Plaintiffs StoneX Group Inc. and StoneX Financial Inc.'s ("Plaintiffs" or "StoneX") affirmative claims; (2) an order be entered striking Defendant's counterclaims; and (3) monetary sanctions be awarded to Plaintiffs for their attorneys' fees and costs for their motion for sanctions, as well as the Opinion and Order of United States Magistrate Judge Valerie Figueredo, dated April 25, 2025 granting Plaintiffs' Motion for Attorneys' Fees (ECF No. 162), and having been advised by Plaintiffs that they will not pursue additional damages arising from the default judgment against Defendant on their affirmative claims, and for good cause shown, it is:

      **ORDERED, ADJUDGED, AND DECREED,** that final judgment is hereby entered against Defendant in the amount of $152,812.19, plus post-judgment interest at the statutory rate under 28 U.S.C. § 1961 to be calculated from the date of the entry of this Judgment until all amounts due are paid in full; and it is further

2

**ORDERED, ADJUDGED, AND DECREED,** that Defendant is permanently enjoined from, directly or indirectly: (i) engaging in further acts of misappropriation of any of StoneX's proprietary, confidential and/or trade secret information; (ii) using, copying, reviewing or disclosing any of StoneX's proprietary, confidential and/or trade secret information obtained from StoneX's computer systems and servers, including all copies of StoneX's electronic files and all paper copies in Defendant's possession; and (iii) working or consulting for any person or business to whom Defendant has disclosed or discussed any of StoneX's proprietary, confidential and/or trade secret information. Nothing in this Order shall be construed to prevent the defendant from communicating, testifying, or participating in any investigation by a government agency, or making any disclosure protected by the whistleblower provisions of federal or state law.

**SO ORDERED.**

Dated:   August 12, 2025

/s/  John  G.  Koeltl
HONORABLE  JOHN  G.  KOELTL
UNITED STATES DISTRICT JUDGE